UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:12-CV-635-F

| | | |
|---|---|---|
| KEVIN C. UMPHREYVILLE, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| THE UNITED STATES DISTRICT | ) | |
| COURT FOR THE WESTERN | ) | |
| DISTRICT OF VIRGINIA, | ) | |
| HARRISONBURG DIVISION, and THE | ) | |
| U.S. FOURTH CIRCUIT COURT OF | ) | |
| APPEALS, | ) | |
| Defendants. | ) | |

This matter is before the court on the Motion for Judgment on the Pleadings [DE-7] filed by the Defendants.[1] The *pro se* Plaintiff has responded to the motion, and the time for filing a reply has since passed. The motion is therefore ripe for ruling. For the reasons stated below, Defendants' Motion for Judgment on the Pleadings [DE-7] is ALLOWED, and Plaintiff's claims are DISMISSED.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff initiated this action by filing a Complaint [DE-1] in this court on September 27, 2012. Therein, Plaintiff alleges that his claims "arise[] as a result of the improper acts and omissions committed by the Federal District Court in regard to Federal Civil Case

---

[1] Counsel for Defendants listed "The United States District Court for the Western District of Virginia, Harrisonburg Division" twice in the caption of all documents counsel filed with the court, *see* [DE-6; DE-7; DE-8]. It is apparent that counsel represents the United States, the real party in interest in this action.

#5:07CV00096, and the Fourth Circuit Court of Appeals refusal to provide proper oversight on the process." Compl. [DE-1] ¶ 5. Specifically, Plaintiff alleges that he previously brought a legal malpractice action in the United States District Court for the Western District of Virginia (hereinafter, "the Virginia action") against an attorney who represented him in military criminal justice proceedings. Plaintiff alleges that "the District Court" in the Virginia action failed to comply with "standards required in our Federal Court system" which "culminated with the Courts[sic] illegitimate order to grant a motion for summary judgment [dismissing Plaintiff's claims], in defiance of the evidence." Compl. [DE-1] ¶ 6. Plaintiff alleges the "Federal Court . . . incorporated bold-faced lies into its written Memorandum Opinion" *see* Compl. [DE-1] ¶ 43, and that the various actions of the Court in the Virginia action denied him due process. Compl. [DE-1] ¶ 80. Plaintiff also alleges that "[t]he Fourth Circuit Courts [sic] failure to provide proper oversight requires that corrective and punitive actions be taken against the Fourth Circuit Court of Appeals." Compl. [DE-1] ¶ 79. He requests that "the corrupted process and Final Order be overturned, and that the illegitimate decision in case #5:07CV00096 be reversed, and that the requested relief be granted to the Plaintiff." Compl. [DE-1] ¶ 78. Additionally, Plaintiff alleges six claims against the Defendants, ostensibly under the Federal Torts Claims Act, 28 U.S.C. §§ 2671 *et seq.*, and asks that this court "award him judgment in the amount of $1,620,000.00." Compl. [DE-1] ¶¶ 81-134.

Defendants have moved to dismiss this action for lack of jurisdiction and for failure to state a claim. Defendants argue that judicial immunity bars Plaintiff's claims. In response, Plaintiff argues, *inter alia*, that "this is a lawsuit against the United States and there are no suggestions in the complaint that the Federal Judge or any of the federal officials or employees

2

should be held responsible for any improper acts or omissions they committed." Pl.'s Opp. [DE-9] p. 5.

## II. ANALYSIS

Plaintiff's claims against Defendants under the FTCA are barred by judicial immunity. The FTCA provides a limited waiver of sovereign immunity for certain torts committed by federal employees in the course of their federal employment. *See* 28 U.S.C. § 2674. Thus, in certain circumstances, the United States is liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment. This waiver, however, is not absolute. Section 2674 of the FTCA provides in pertinent part:

> With respect to any claim under this chapter, the United States shall be entitled to assert any defense based upon judicial or legislative immunity which otherwise would have been available to the employee of the United States whose act or omission gave rise to the claim, as well as any other defense to which the United States is entitled.

*Id.* Accordingly, where a federal judicial officer's actions form the basis for the FTCA claim, the United States may assert judicial immunity if the individual judicial officer would be immune from suit. *See Tinsley v. Widener*, 150 F.Supp.2d 7, 12 (D.D.C. 2001) (explaining that the United States possesses whatever immunity is available to the judicial officer whose act is the basis of the suit).

Plaintiff's Complaint leaves no doubt that the individual judges who acted with regard to his case while it was pending in the Western District of Virginia and before the Fourth Circuit Court of Appeals are entitled to judicial immunity. It is well-established that judges, in exercising the authority vested in them, are absolutely immune from civil lawsuits for money damages. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam) ("A long line of this Court's

3

precedents acknowledges that, generally, a judge is immune from a suit for money damages."); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985). Judicial immunity applies to judicial action taken in error, done maliciously, or in excess of authority. *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978). Essentially, a judge is entitled to absolute immunity if the judge acted in his judicial capacity and had jurisdiction over the subject matter. *King v. Myers*, 973 F.2d 354, 356-57 (4th Cir. 1992). Accordingly, a plaintiff alleging a claim for money damages against a judge can overcome absolute judicial immunity only by showing (1) the judge's actions were taken outside of the judge's judicial capacity or (2) the judge acted in the complete absence of jurisdiction. *Id.* Plaintiff's allegations in the instant suit, however, are void of any suggestion that the individual judicial officers acted in the complete absence of jurisdiction or outside their duties as a judge when they presided over the Virginia action. The individual judges are therefore entitled to judicial immunity as to Plaintiff's claims under the FTCA.

Because the individual judges are entitled to absolute judicial immunity, the United States–the real defendant in this action–is immune as well. *Tinsley*, 150 F. Supp .2d at 12. *See also Bush v. Blake*, No. JFM-11-1410, 2011 WL 2311835, at *2 (D. Md. June 9, 2011) (explaining that the plaintiff's FTCA claims against several federal district judges were in reality against the United States, and because the judges were entitled to absolute judicial immunity, so was the United States); *McGee v. United States*, No. 1:10-cv-521, 2010 WL 3211037, at *3 (S.D. Oh. Aug. 12, 2010) ("[T]he United States is entitled to judicial immunity under the FTCA because the . . . defendants whose allege acts form the basis of plaintiff's claims are immune from suit as described above."); *Dockery v. United States*, No. 08-80031-CIV, 2008 WL 345545, at *2 (S.D. Fla. Feb. 6, 2008) (dismissing plaintiff's claims against the United States because the

4

federal district judge whose actions formed the basis of the FTCA claims was entitled to absolute judicial immunity). Plaintiff's claims under the FTCA, therefore, are DISMISSED.

Finally, to the extent that Plaintiff asks this court to "overturn" or "reverse" the decision of the court in the Western District of Virginia or that of the Fourth Circuit Court of Appeals, the court is plainly without authority to do so, and any such claim is DISMISSED.

### III. CONCLUSION

For the foregoing reasons, the Motion for Judgment on the Pleadings [DE-7] is ALLOWED and Plaintiff's claims are DISMISSED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED. This the 11 day of June, 2013.

_____
JAMES C. FOX
Senior United States District Judge